# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MELKY TERRY,<br>    Petitioner, | )<br>)<br>)<br>) |
| v. | )     92 C 8215 |
| DONALD HULICK,[1]<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM AND ORDER

Pro se petitioner Melky Terry, prisoner number N-71582, seeks relief pursuant to 28 U.S.C. § 2254. The respondent has filed a motion to dismiss, contending that Terry's petition is time-barred. For the following reasons, the respondent's motion to dismiss is denied.

## Background

On November 25, 1985, Rosemary Marcatante called the police to report a burglary in progress at her home in Hillside, Illinois. When the police arrived, they discovered the bodies of Rosemary's siblings, 16-year-old Grace and 11-year-old John, both of whom had suffered extensive head injuries. On April 13, 1987, a jury in the Circuit Court of Cook County found Terry guilty of first degree murder and voluntary manslaughter. He was sentenced to life in prison on the first degree murder count and a concurrent thirty year extended term sentence on the voluntary manslaughter conviction.

Terry filed a timely appeal with the Illinois Appellate Court, First District. The appellate court affirmed on October 25, 1990. *See People v. Terry*, No. 1-87-1226 (Ill. App. Oct. 25,

---

[1] Terry's petition named Alan Uchtman as the respondent. The warden who currently has custody of Terry is Donald Hulick, who is thus substituted as the respondent. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

1990) (unpublished order). On November 29, 1990, Terry filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court. The Illinois Supreme Court denied the PLA on February 6, 1991. *See People v.Terry*, No. 71191 (Ill. Feb. 6, 1991) (unpublished order).

Terry's next move, which is nowhere found in the respondent's motion, was to file a federal petition for a writ of habeas corpus on December 17, 1992. This petition was eventually dismissed on June 14, 1995, for failure to exhaust state court remedies. Terry filed multiple unsuccessful state post-conviction petitions, and eventually filed a second federal habeas petition, which is presently before the court.

## Discussion

The Antiterrorism and Effective Death Penalty Act became effective on April 24, 1996, and imposed a one-year statute of limitations for filing § 2254 petitions for a writ of habeas corpus. *See* 28 U.S.C. § 2244 (d). Under § 2244 (d), the statute of limitations begins to run when the latest of several events occur, including the date on which a judgment became final by the conclusion of direct review or the expiration of the time for seeking such review or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," however, tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

Here, the Illinois Supreme Court denied Terry's PLA for his direct appeal on February 6, 1991. Terry did not file a petition for a writ of certiorari with the United States Supreme Court, so his direct appeal concluded on May 7, 1991. *See Anderson v. Litscher*, 281 F.3d 672, 675

(2002) (habeas petitioner is entitled to an additional ninety days within which he could have filed a petition for writ of certiorari on his direct appeal). A petitioner whose conviction became final before April 24, 1996, is entitled to a one-year grace period ending on April 23, 1997. *See Gendron v. Ahitow*, 154 F.3d 672, 675 (7th Cir. 1998); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320 (1997).

This means that the one-year statute of limitations began to run on April 24, 1996. Critically, however, Terry filed a federal habeas petition in 1992 which was dismissed without prejudice in 1995. With the wisdom of 20/20 hindsight (or, more accurately, Seventh Circuit decisions postdating the court's dismissal of Terry's petition without prejudice), the court now knows that it should have stayed his federal habeas action, rather than dismissing it, while Terry exhausted his state remedies. *See Newell v. Hanks*, 283 F.3d 827, 834 (7th. Cir. 2002).

The Seventh Circuit teaches that in situations such as this, reopening the original case is the proper course of action. *See id*. Vacating the prior dismissal order fixes any statute of limitations problems because it turns the dismissal into a stay. *See id*. ("By vacating the dismissal, the district court effectively converted it into a stay; this could not have been an abuse of discretion because we now know that staying the action was the right step to take in the first place").

The court has the power to vacate its dismissal order because that order clearly contemplated additional proceedings: specifically, that Terry would pursue his federal habeas petition after he exhausted his state court remedies. *Cf. Arrieta v. Briley*, No. 04 C 8012, 2004 WL 407005 at *3 (N.D. Ill. Feb. 20, 2004) (petitioner who moved to dismiss his § 2254 petition without prejudice could only refile within the original limitations period because the dismissal order did not contemplate any further proceedings). Moreover, the court may reconsider its prior

interlocutory orders prior to the entry of a final judgment. *See Smith v. Massachusetts*, 125 S.Ct. 1129, 1139 (2005) (the court has the "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment"). In addition, even if the order dismissing the case with leave to reinstate was somehow considered a final order, the court has the power to revisit it under Rule 60(b)(6). *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648-49 (2005) (Rule 60(b)(6) may be used to attack a defect in the integrity of the federal habeas proceeding and thus may be used to contend that the court erred when it applied the federal statute of limitations for habeas cases).[2]

Thus, the court can convert its dismissal into a stay by reopening Terry's 1992 case. It hereby does just that, construes Terry's current petition as an amended petition, and directs the clerk to file the amended petition in Terry's first case (92 C 8215) and close the present case (06 C 1093) . Because in the eyes of the court, the 1992 case has been stayed until now, the statute of limitations has been tolled since 1992, well before the *Lindh* grace period started. This means that the respondent's motion to dismiss on statute of limitations grounds must be denied.

## Conclusion

For the above reasons, the respondent's motion to dismiss [#13 in No. 06 C 1093] is denied. The court reinstates No. 92 C 8215. With respect to No. 92 C 8215, the court: (1) construes Terry's current habeas petition [#1 in No. 06 C 1093] as an amended petition and

---

[2] The court notes that the Supreme Court's decision in *Gonzalez* is at odds with a prior Northern District of Illinois case holding that a habeas petitioner who mistakenly moves to dismiss his petition without prejudice can only seek relief under Rule 60(b)(1). *See Arrieta v. Briley*, 2004 WL 407005 at *4. That rule – unlike Rule 60(b)(6) – requires a movant to seek relief within one year of the entry of the order that is the subject of the motion for relief from judgment. This would be problematic for Terry, as he filed his current habeas petition years after the court dismissed his first petition for failure to exhaust. However, based on *Gonzalez*, *Arrieta* is no longer good law, so Terry is not limited to seeking relief under Rule 60(b)(1).

directs the clerk to file that document in No. 92 8215; and (2) orders the respondent to file an answer to the amended petition in No. 92 C 8215 by August 2, 2006. It is further ordered that Donald Hulick is substituted as the respondent in No. 92 C 8215 and 06 C 1093. Finally, with respect to No. 06 C 1093, all pending motions are stricken and the clerk is directed to close that case.

DATE: July 6, 2006

_____
Blanche M. Manning
United States District Court Judge