IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. MELKY TERRY, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 92 C 8215 |
| ) | |
| DONALD HULICK,[1] ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Melky Terry's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court. For the following reasons, Terry's petition is dismissed as time-barred.

**I.  Background**

On November 25, 1985, Rosemary Marcatante called the police to report a burglary in progress at her home in Hillside, Illinois. When the police arrived, they discovered the bodies of Rosemary's siblings, 16-year-old Grace and 11-year-old John, both of whom had suffered extensive head injuries. On April 13, 1987, a jury in the Circuit Court of Cook County found Terry guilty of first degree murder and voluntary manslaughter. He was sentenced to life in prison on the first degree murder count and a concurrent thirty year extended term sentence on the voluntary manslaughter conviction.

---

[1] Terry is currently incarcerated at the Menard Correctional Center, where Donald Hulick is the Warden. Accordingly, Donald Hulick is hereby substituted as the respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

A. **Direct Proceedings**

Terry filed a timely appeal with the Illinois Appellate Court, which affirmed on October 25, 1990. *People v. Terry*, No. 1-87-1226 (Ill. App. Oct. 25, 1990) (unpublished order). On November 29, 1990, Terry filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court. The Illinois Supreme Court denied the PLA on February 6, 1991. *People v. Terry*, No. 71191 (Ill. Feb. 6, 1991) (unpublished order).

B. **First Federal Habeas Petition**

Terry's next move was to file a federal petition for a writ of habeas corpus on December 17, 1992. The court surmises from the docket that Terry's § 2254 petition overlapped with his first state post conviction petition, which he filed on October 12, 1993, while his § 2254 petition was pending. Terry's § 2254 petition was eventually dismissed on June 14, 1995, for failure to exhaust state court remedies. From the docket, it appears that the petition was dismissed on the court's own motion, but based on Terry's October 6, 2006, memorandum, it appears that Terry's counsel sought to dismiss Terry's § 2254 petition without prejudice due to failure to exhaust.

C. **First State Post Conviction Proceeding**

As noted immediately above, on October 12, 1993, Terry filed a state post-conviction petition. On July 21, 1995, the trial court dismissed the petition as untimely. Terry appealed, and on September 8, 1997, the Illinois Appellate Court affirmed. *People v. Terry*, No. 1-95-3594 (Ill. App. Sept. 8, 1997) (unpublished order). Terry filed a petition for rehearing, which was denied on September 30, 1997, and a PLA, which was allowed on December 3, 1997. *People v. Terry*, No. 84156 (Ill. Dec. 3, 1997) (unpublished order). On June 18, 1998, the Illinois Supreme Court unanimously affirmed. *See People v. Terry*, 183 Ill.2d 298 (Ill. 1998). On

October 5, 1998, the Illinois Supreme Court denied Terry's request for rehearing. *People v. Terry*, No. 84156 (Ill. Oct. 5, 1997) (unpublished order).

### D. Second State Post Conviction Proceeding

On September 2, 1999, Terry filed a second state post conviction petition, which was summarily dismissed on January 7, 2000. He appealed, and on May 24, 2002, the Illinois Appellate Court vacated the dismissal of the petition and remanded the case to the trial court. After counsel was appointed for Terry, on May 7, 2004, the trial court granted the State's motion to dismiss the petition. Terry appealed the circuit court's judgment of dismissal, and on September 8, 2005, the Illinois Appellate Court affirmed. *People v. Terry*, No. 1-04-2096 (Ill. App. Sept. 8, 2005) (unpublished order). Terry filed a PLA on September 15, 2005, which was denied on December 1, 2005. *People v. Terry*, No. 101280 (Ill. Dec. 1, 2005) (unpublished order).

### E. Second Federal Habeas Petition

On February 23, 2006, Terry filed a second federal habeas petition. On July 6, 2006, this court denied the respondent's motion to dismiss on statute of limitations grounds. In a nutshell, the court found that Terry's direct appeal concluded on May 7, 1991. *See Anderson v. Litscher*, 281 F.3d 672, 675 (2002) (habeas petitioner is entitled to an additional ninety days within which he could have filed a petition for writ of certiorari on his direct appeal). It then held that the one-year statute of limitations in 28 U.S.C. § 2244 (d) began to run on April 24, 1996, because Terry was entitled to take advantage of the one year AEDPA grace period. *See Gendron v. Ahitow*, 154 F.3d 672, 675 (7th Cir. 1998); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).

Next, the court focused on Terry's 1992 federal habeas petition, which was dismissed on the court's own motion and without prejudice in 1995. The court stated, "[w]ith the wisdom of 20/20 hindsight (or, more accurately, Seventh Circuit decisions postdating the court's dismissal of Terry's petition without prejudice), the court now knows that it should have stayed his federal habeas action, rather than dismissing it, while Terry exhausted his state remedies" under *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002). *Terry v. Hulick*, No. 06 C 1093 (N.D. Ill. Jul. 6, 2006) (unpublished order).

The court then vacated its prior dismissal order in the 1992 case to fix any statute of limitations problems in the 2006 case by turning the dismissal into a stay. In support, the court relied on two principles. First, it noted that it had the power to vacate its dismissal order because that order clearly contemplated additional proceedings (specifically, that Terry would pursue his federal habeas petition after he exhausted his state court remedies) and the court may reconsider its prior interlocutory orders prior to the entry of a final judgment. Alternatively, the court held that even if the order dismissing the case with leave to reinstate was somehow final, the court could revisit it under Rule 60(b)(6).

## II. Discussion

Shortly after this court's July 6th order, the Seventh Circuit issued opinions addressing both of the grounds identified by this court as a basis for its reinstatement of Terry's 1992 case. *See Dolis v. Chambers*, 454 F.3d 721 (7th Cir. 2006) (appealability of an order dismissing a habeas petition without prejudice for failure to exhaust); *Arrieta v. Battaglia*, — F.3d —, No. 04-3050, 2006 WL 2441662 (7th Cir. Aug. 24, 2006) (applicability of Rule 60(b)). In *Dolis*, the Seventh Circuit held that a dismissal of a habeas petition without prejudice was a final order because "[v]ery shortly after the district court dismissed [the petitioner's] case, it became

- 4 -

impossible for him to refile it, because it would be barred by the statute of limitations." *Dolis v. Chambers*, 454 F.3d at 724. Under this logic, the court's 1995 dismissal of Terry's 1992 habeas petition was with prejudice because when the statute of limitations ran, it became impossible for Terry to refile. Indeed, that is the source of his limitations problems today. Thus, the court cannot revisit this order on the basis that it is interlocutory.

Since the dismissal order was final, Terry must turn to Rule 60(b). This is where the Seventh Circuit's recent decision in *Arrieta* comes into play. In that case, the Seventh Circuit held that a petitioner who mistakenly moved to dismiss his federal habeas petition so he could exhaust his state court remedies could only move to reopen his original habeas case under Rule 60(b)(1). This was problematic for the petitioner, as a Rule 60(b)(1) motion must be filed within one year of the judgment at issue. *Arrieta v. Battaglia*, 2006 WL 2441662 at *3. The court grouped mistakes by litigants and mistakes by the court together and held that both can be remedied under Rule 60(b)(1) and thus are not subject to the catch-all provision in Rule 60(b)(6), which does not have a one year statute of limitations. *See id.* at *4; *see also* 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2858 at 264-65 (2d ed. 1995) (Rule 60(b)(1) authorizes the court to give relief from a judgment based on mistakes made by a party, her agents, or the court). Finally, the court distinguished *Newell* and its "vacate the original dismissal to effectively convert it into a stay" procedure by stressing that the petitioner in *Newell* came back within a year and thus was within the ambit of Rule 60(b)(1). *Id.* at *4-5.

Upon further consideration, the court finds that Rule 60(b) relief is unavailable to Terry for reasons that are not discussed in *Arrieta*. Specifically, Rule 60(b)(1) can be used to vacate an order entered due to a mistake. However, the court's dismissal order in 1995 was not mistaken. To see why, let us step back in time to June 16, 1995, when the court dismissed Terry's first

habeas petition. At that moment, the AEDPA's sweeping changes to the Great Writ were but a gleam in Congress's metaphorical eye as the statute did not become effective until April of 1996.

Thus, it is true that under today's controlling law, the court would have stayed Terry's petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, the court's dismissal for failure to exhaust in 1995 was based on then-controlling precedent. *See Baker v. Horn*, 383 F. Supp. 2d 720, 748 (E.D. Pa. 2005) (declining to toll AEDPA's statute of limitations based on a dismissal of a habeas first petition which was correct at the time it was entered but would not be correct under current interpretations of federal law). Therefore, there was no "mistake" so Rule 60(b)(1) is unavailable (and even if there had been a mistake, Terry did not seek to correct it within one year as required by Rule 60(b)(1)).

Rule 60(b)(6) is also unavailable because that section requires a showing of "extraordinary circumstances." Fed. R. Civ. P. 60(b)(6). "Extraordinary circumstances" do not exist when the order that is the subject of the motion to vacate was correct under then-governing law. *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2650 (2005) ("extraordinary circumstances" warranting relief under Rule 60(b)(6) did not exist based on "a change in the interpretation of the AEDPA statute of limitations" because "[t]he District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2)").

In any event, regardless of the propriety of the 1995 dismissal, Terry is the author of his present statute of limitations problem. His first state post conviction proceedings ended on October 5, 1998, when the Illinois Supreme Court denied his PLA. *See Anderson v. Litscher*, 281 F.3d at 675 (additional ninety days within which a petitioner could have filed a petition for

writ of certiorari are only added for a petitioner's direct appeal). At that point, he had a full year to file a federal habeas petition, but he failed to do so.

Instead, he waited until September 2, 1999, to file a second state post conviction petition, thereby using up approximately ten months of the limitations period. *See* 28 U.S.C. § 2244(d)(2). He could have promptly filed a federal habeas petition and sought a stay while he pursued his second state post conviction petition (to cover his bases in the event that the second state post conviction petition was not "properly filed" and hence did not toll the statute of limitations and, more fundamentally, to avoid the kind of limitations issues facing him today). Since he did not, he needed to file his federal habeas petition promptly after the Illinois Supreme Court denied his PLA for his second state post conviction appeal on December 1, 2005. He did not do so, as he sought federal habeas relief on February 23, 2006, approximately three months later. Thus, he filed his § 2254 petition approximately one month late. This means that Terry's statute of limitations problem stems from his miscalculation of the limitations period vis-a-vis his state post conviction proceedings, not anything the court did back in 1995 based on then-existing law in effect before the one year statute of limitations in the AEDPA even existed.

The court, therefore, has no choice but to dismiss Terry's petition as time-barred. In this regard, the court notes that it regrets that Terry, like many pro se habeas petitioners, failed to comply with the AEDPA's often confusing rules regarding timeliness and ended up facing a statute of limitations problem. The court strongly prefers to reach a decision on the merits, especially in a case such as this where the habeas petitioner is serving a life sentence. Nevertheless, the court must apply the rules set forth by Congress and must follow the Supreme Court and Seventh Circuit's interpretation of those rules. This means that Terry's petition is dismissed as time-barred.

The court also wishes to express its thanks to the respondent's counsel for promptly filing a lengthy answer due to the court's first order reopening Terry's 1992 case. The court sincerely appreciates the time that counsel spent addressing the limitations issue as well as the merits of Terry's numerous claims.

### III. Conclusion

For the above reasons, Terry's § 2254 petition is dismissed as time-barred. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE: October 19, 2006

Blanche M. Manning
United States District Court Judge